# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CHARLES TALBERT | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | NO. 18-5112 |
| | : | |
| CORRECTIONAL DENTAL ASSOCIATES, *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                 **October 31, 2019**

In the eighty-eighth docket entry, serial prisoner *pro se* litigant Charles Talbert moves for appointment of counsel in his most recent prison conditions case now challenging a prescription and medical treatment/sick-call protocol while he served time in state court custody awaiting trial. Mr. Talbert is well acquainted with the Courtroom (especially our Courtroom) and pretrial procedures in this federal court. He represented himself in over seventy cases in the past few years including successfully settling several cases, *pro se* winning an appeal before our Court of Appeals, recently unsuccessfully trying a case to verdict before me a few weeks ago followed by unsuccessful post-trial motions, and after having fired earlier counsel in one of his recent cases. He will proudly tell you he does not need a lawyer except to help him obtain discovery and pay for experts. He is now proceeding with a "final" amended complaint in this case as we await service and responses from several defendants. We are presently considering one motion to dismiss for failure to state a claim.[1] He earlier prosecuted a motion for preliminary injunction involving the same challenges to medical professionals in this case without counsel.[2] Prison medical treatment cases can be complex and may require medical expertise. For example, at least two doctor-defendants recently moved for *non pros* arguing Mr. Talbert does not have a certificate

of merit for his medical treatment claims under Pennsylvania procedure.[3] We decline to appoint counsel at this stage.

Although Congress in 28 U.S.C. § 1915(e)(1) permits us to appoint counsel in civil rights cases for indigent prisoners, our Court of Appeals emphasizes "volunteer lawyer time is extremely valuable," and "district courts should not request counsel . . . indiscriminately."[4] "Civil litigants have no constitutional or statutory right to appointed counsel."[5] Nevertheless, Congress has provided "[t]he court may request an attorney to represent any person unable to afford counsel," granting us "'broad discretion' to determine whether appointment of counsel in a civil case would be appropriate."[6]

Under our Court of Appeals' guidance in *Tabron*, we undertake a two-step inquiry. First, we must consider the merits of the claim, deciding whether it has "arguable merit."[7] If so, we then consider a non-exhaustive list of factors, including (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which the factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the extent to which the case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) the plaintiff's ability to retain and afford counsel.[8] These same factors apply to first and subsequent requests, regardless of the stage of the case, and we "should consider the *Tabron* guideposts that may be relevant . . . at the time and stage of the litigation that the request is made."[9] Our Court of Appeals cautions "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."[10]

Accepting as true the allegations in this "final" Complaint, we cannot yet determine whether Mr. Talbert's claims have arguable merit. We cannot turn to the remaining *Tabron* factors

2

yet. We will have a better idea after review of motions to dismiss and close of the pleadings. We will not dismiss his case for lack of a certificate of merit until much later assuming he timely moves for continuances of this obligation.

Even if we addressed the *Tabron* factors at this stage, we could not approve compelling an attorney to undertake a voluntary representation without more detail developed after the close of the pleadings. Mr. Talbert is undoubtedly capable of presenting his own case, as evidenced by the "final" Complaint itself and his repetitive litigation tactics in this Court. Second, the particular legal issues involved in this case are not so complex at this preliminary stage as to require the aid of counsel. Third, the fact investigation necessary to prosecute Mr. Talbert's claims will be limited at this stage but may be impeded by his custodial status. While it is possible his claims may involve credibility determinations, we are not near this issue yet. The case may involve expert witnesses. As for the sixth factor, Mr. Talbert has not detailed efforts to retain counsel, but we are mindful of his recent history with counsel and his present custodial status. At this stage, these factors together weigh in favor of denying Mr. Talbert's motion for appointment of counsel without prejudice.

After carefully considering our Court of Appeal's *Tabron* factors, I cannot conclude Mr. Talbert's claims are "truly substantial" at this stage requiring counsel.[11] His filings suggest enough literacy, education, and ability to understand language to support a finding he is able to present his case. Although *pro se* litigants who are incarcerated always face greater challenges than other litigants in bringing civil rights claims, which can be complex, after weighing these obstacles against the issues presented by this case, I am not persuaded an appointment of counsel is presently warranted.

We deny Mr. Talbert's Motion in the accompanying Order without prejudice.

---

[1] ECF Doc. No. 78.

3

[2] ECF Doc. No. 38.

[3] ECF Doc. No. 87. Under Pennsylvania Rule 1042.3(e), Mr. Talbert may timely move for extensions of this obligation.

[4] *Tabron v. Grace,* 6 F.3d 147, 157 (3d Cir. 1993).

[5] *Houser v. Folino,* 927 F.3d 693, 697 (3d Cir. 2019) (citing *Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002)).

[6] *Montgomery,* 294 F.3d at 498 (quoting *Tabron,* 6 F.3d at 153).

[7] *Houser,* 927 F.2d at 697 (citing *Tabron,* 6 F.3d at 155).

[8] *Id.* (citing *Parham v. Johnson,* 126 F.3d 454, 457 (3d Cir. 1997); *Tabron,* 6 F.3d at 155-56).

[9] *Id.* at 700.

[10] *Montgomery,* 294 F.3d at 499 (cited in *Houser,* 927 F.3d at 700).

[11] *Id.* at 156.