# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CHARLES TALBERT | : | CIVIL ACTION |
| --- | --- | --- |
| | : | |
| v. | : | NO. 18-5112 |
| | : | |
| CORRECTIONAL DENTAL | : | |
| ASSOCIATES, *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                          **November 8, 2019**

Inmate Charles Talbert sues prison medical professionals Dr. Taylor, Dr. Reynolds, and Dr. Fowler for "deliberate indifference to a serious medical need that caused [him] an actual injury."[1] Dr. Taylor, Dr. Reynolds, and Dr. Fowler now filed notices of an intent to enter judgment of *non pros* against Mr. Talbert for failing to provide a certificate of merit under Pennsylvania Rule of Civil Procedure 1042.3.[2]

Under Pennsylvania practice, a judgment of *non pros* is effectively the same as dismissal without prejudice.[3] Rule 1042.3, a Pennsylvania procedural rule used in medical malpractice and professional negligence cases, provides,

> "(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party . . .
>
> (b)(1) A separate certificate of merit shall be filed as to each licensed professional against whom a claim is asserted. . . .
>
> (d) The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. A motion to extend the time for filing a certificate of merit must be filed by the thirtieth day after the filing of a notice of intention to enter judgment of *non pros* on a professional liability claim under Rule 1042.6(a) or on or before the expiration of the extended time where a court has granted a motion to extend the time to file a

>certificate of merit, whichever is greater. The filing of a motion to extend tolls the time period within which a certificate of merit must be filed until the court rules upon the motion."[4]

This Pennsylvania Rule applies if Mr. Talbert pleads medical malpractice and professional negligence claims by professionals. Failure to adduce a certificate of merit may allow a Pennsylvania Prothonotary to enter judgment of *non pros* on the claim a professional deviated from the standard of care.

Mr. Talbert admittedly has not adduced a certificate of merit. But he claims he does not need to. On November 5, 2019, Mr. Talbert judicially admitted he does not plead medical malpractice or professional negligence and limits his case to his Eighth Amendment claim.[5] We accept Mr. Talbert's judicial admission he is not claiming medical malpractice or professional negligence. Mr. Talbert may not argue a medical malpractice or professional negligence claim.

The question then is whether Mr. Talbert may proceed on a deliberate indifference claim against prison doctors without a certificate of merit. In *Boring v. Sanders*, Judge Jones adopted Judge Carlson's Report and Recommendation holding the prisoner's negligence claims against prison medical officials must be dismissed for failure to adduce a certificate of merit.[6] He then held the failure to adduce a certificate of merit did not require we dismiss the deliberate indifference constitutional claim.[7]

We agree with Judges Jones and Carlson. The certificate of merit addresses deviations from the professional's standard of care under Pennsylvania negligence law. This standard is not the constitutional standard of deliberate indifference. We cannot find a certificate of merit would affect the proof of the constitutional claim. It is no more a factor in defining the merits than in another type of tort case against a professional such as the fraud claims addressed by Judge Robreno in *McElwee Group, LLC v. Municipal Authority of the Borough of Elverson*.[8] Mr. Talbert

2

judicially admits he seeks damages on a constitutional claim. Like Judges Jones and Carlson in *Boring*, we decline to dismiss at this preliminary stage because Mr. Talbert does not have or need a certificate of merit. Nothing in today's decision affects our analysis of whether Mr. Talbert otherwise states a claim.

As he limits his claim to a claim for deliberate indifference, Mr. Talbert is not required to adduce a certificate of merit under Rule 1042.3. He needs to prove different elements than professional negligence. We deny Dr. Taylor's, Dr. Reynolds', and Dr. Fowler's requests for judgment of *non pros*.

---

[1] ECF Doc. No. 2 at 4, 6, 8. In his original Complaint, Mr. Talbert sued several defendants, including: Correctional Dental Associates, Dr. Schneider, Dr. Young, Dr. Patel, Corizon Health, Inc., Edward Bowman, Paden Hinds, Siddharth Sagreiya, Sigy George, Mental Health Management, Dr. Taylor, Dr. Reynolds, and Dr. Fowler. *See* ECF Doc. 2 at 1. Mr. Talbert is now prosecuting his "final complaint." Only Drs. Taylor, Reynolds, and Fowler now move for judgment of *non pros*.

[2] Pa.R.Civ.P. 1042.3. Under our practice, the medical professionals need to move to dismiss to effect the requested relief. Our Clerk of Court is not authorized to enter judgment based on a Pennsylvania rule of civil procedure. But we today consider their Pennsylvania-based "notice" as a motion to avoid confusion in the Clerk's office in later November 2019 should the Defendants continue to mistakenly move forward with Pennsylvania procedures which allow them to direct the Prothonotary to enter judgment in thirty days. *McElwee Group, LLC v. Municipal Authority of the Borough of Elverson*, 476 F.Supp.2d 472, 475 (E.D. Pa. 2007). We also can deter the filing of a motion to dismiss in several weeks (based on the waiver of service requiring a response by December 24, 2019) premised on this same flawed ground. Given the disparity of timing in moving to dismiss, we today strike the notices.

[3] *Harris v. Hershey Medical Center*, No. 08-843, 2009 WL 2762732, at *7 (M.D. Pa. Aug. 27, 2009) (citing *Stroud v. Abington Memorial Hospital*, 546 F.Supp.2d 238, 250 (E.D. Pa. 2008)).

[4] Pa.R.Civ.P. 1042.3.

[5] We have a duty to liberally construe the pleadings of *pro se* litigants, so this admission aids us in understanding the specific claims Mr. Talbert raises in his final amended complaint. *See Higgs v. Attorney General of the United States*, 655 F.3d 333, 340 (3d Cir. 2011). "'Judicial admissions' are admissions in pleadings, stipulations, etc. which do not have to be proven in the same litigation." *Philadelphia Reinsurance Corporation v. Employers Insurance of Wausau*, 61 Fed. Appx. 816, 819 (3d Cir. 2003) (citing *Giannone v. United States Steel Corporation*, 238 F.2d 544,

3

547 (3d Cir. 1956)). "[J]udicial admissions are binding for the purpose of the case in which the admissions are made." *Philadelphia Reinsurance Corporation*, 61 Fed. Appx. at 819.

[6] No. 12-419, 2013 WL 4080308, at *7 (M.D. Pa. Aug.13, 2013).

[7] *Id.* at *8.

[8] 476 F.Supp.2d 472, 475 (E.D. Pa. 2007).