**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES TALBERT** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  18-5112** |
| | : | |
| **CORRECTIONAL DENTAL** | : | |
| **ASSOCIATES,** *et al.* | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                                   **September 14, 2020**

Incarcerated Charles Talbert again moves to recuse me from his civil rights case challenging medical care in a correctional facility.  He earlier moved to recuse particularly after adverse orders.[1]  He does so again today but also after recently filing an apology for an earlier complaint about us but explaining he wants me to stay on the case.[2]  His most recent Motion to recuse, however, threatens suing me if I do not recuse myself.  We are mindful of our sworn obligation to hear all cases placed on our docket absent a conflict or reasonable perception of bias and reject each of his stated grounds.  His grounds do not raise a concern as to my impartiality nor do we believe they would raise a concern in the mind of the reasonable person who, upon knowing the undisputed facts, would undoubtedly find we are not biased or showing partiality against Mr. Talbert.

Mr. Talbert moves for our recusal due to our alleged bias against him.  The threshold issue is whether under 18 U.S.C. § 455, we must recuse because of bias.  Section 455(b)(1) provides, "[Any justice, judge, or magistrate judge of the United States] shall also disqualify himself in the following circumstances . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ."[3]  The Supreme Court defines "bias and prejudice" as a "favorable or

unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree . . . ."[4]   The Court held while "extrajudicial source[s]" are the "only common basis" for establishing "disqualifying bias or prejudice," it is not the exclusive source to establish it.[5]   Judicial rulings alone "almost never constitute a valid basis for a bias or partiality motion [because] . . . they cannot possibly show reliance upon an extrajudicial source . . . and can only in the rarest circumstances evidence the degree of favoritism or antagonism required when no extrajudicial source is involved."[6]   "[O]pinions formed by the judge on the basis of facts . . . in the course of the current proceeding, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."[7]   Judicial remarks cannot ordinarily be the basis for bias and prejudice but may be "if they reveal an opinion that derives from an extrajudicial course; and will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."[8]   The Court ultimately held "[a]ll of [the ground petitioner set forth] are inadequate . . . [because] [t]hey consist of judicial rulings, routine trial administration efforts, and ordinary admonishments . . . to counsel and witnesses."[9]

In applying this standard, our Court of Appeals held a motion for recusal based on discovery rulings is insufficient to support a recusal because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[10]   We are also persuaded by other Judges in this District holding "'a party's displeasure with legal rulings does not form an adequate basis for recusal' . . . because 'in the event that the court's rulings may be in error, they are subject to review on appeal.'"[11]

We reject each of his conclusory unsupported grounds for our recusal:

**A.      Mr. Talbert is a serial litigant.**

Mr. Talbert complains we repeatedly refer to him as either a serial litigant or another derogatory name.  Our description of him as a serial litigant is wholly accurate. On April 5, 2019, we applied Congress' mandate in 28 U.S.C. § 1915 and found he filed more than three wholly frivolous actions requiring we bar his further filing without paying the filing fees absent a showing of imminent risk of physical harm.  He is, by Congress' definition, a serial litigant.  We thereafter analyzed his repeated later filings challenging conduct in his more recent correctional institutions to evaluate whether he has met the exception set by Congress for continuing to file suit without paying fees as an incarcerated Plaintiff.  We never dismissed a case because he is a serial litigant.  We always afford him the opportunity to pay the fees and, in several instances, provided him multiple opportunities to amend to plead imminent risk of physical injury and/or extend time to pay the filing fees.  Congress prohibits him from filing repeated complaints without paying the filing fees unless he can show the requisite harm.  He has failed to do so.

**B.      We do not fix jury trials.**

Mr. Talbert claims we fix jury trials with the assistance of our deputy clerk.  He alleges we "wrongfully influenced" counsel on a teleconference to change his request for a bench trial to a jury trial.  He argues we did so because we could fix a jury trial but not a bench trial.  This is a most curious twist of logic.  We flatly reject any attempt to characterize us as fixing jury trials. We afford all counsel the opportunity to choose between a bench and jury trial particularly given the exigencies of COVID-19 mitigations.  These mitigations affect timing of jury trials.  Counsel has a right, consistent with the Federal Rules of Civil Procedure, to seek a jury trial.  We reject this wildly inaccurate speculation.

**C.      We compelled Defendants to forward a May 2019 hearing transcript.**

Mr. Talbert's next claim is we failed to compel Defendants to forward a May 2019 hearing transcript.  He is wrong.  We did in fact, order the Defendants to do so.  Taking Mr. Talbert's word, we today ordered the Defendants to resend it to him by overnight mail.  If anything, we are requiring the Defendants to incur costs and fees for Mr. Talbert's benefit.

**D.      We are not retaliating because Mr. Talbert sued Judge Stengel.**

Mr. Talbert claims we are retaliating against him for his suing Judge Stengel years ago necessitating the transfer of the case to us.  This allegation, without any facts, is contradicted by our presiding over dozens of motions, a jury trial, preliminary injunction hearing, and repeated communications with Mr. Talbert.  There is no basis any reasonable person could believe we are retaliating against him because he sued Judge Stengel, who is no longer our colleague.

**E.      We dismissed later filed frivolous actions based on the Law.**

Mr. Talbert next argues we have made erroneous rulings by dismissing claims under 28 U.S.C. § 1915.  He claims we do this out of bias and prejudice and to cause him to have three strikes against him.  Mr. Talbert ignores years of motions he filed before us and each of our rulings have been based entirely on the law as described to Mr. Talbert.  We have done everything possible to allow him to amend and give him additional time to pay the filing fees consistent with Congress' mandate.  He appealed one of our rulings several years ago and, while he has appealed others, he has withdrawn those appeals.

**F.      We cannot seal cases without particularized good cause.**

Mr. Talbert's next claim is we refused to seal cases which he filed in this Court and he put on the public record as evidence of our bias.  Mr. Talbert filed these cases seeking redress. We reviewed these filings.  He failed to show the particularized good cause necessary for us to

preclude public access to filings.  He has also failed to show us specific instances of risk to his safety or wellbeing by earlier lawsuits now closed and for which he did not move for protection at the time.  Nothing in our Orders faithfully applying our Court of Appeals' precedents on impounding records exhibits prejudice.

> ### G.    We are obligated to rule regardless of Mr. Talbert's rights to pursue remedies against us.

Mr. Talbert lastly threatens us with filings of a complaint of misconduct in our Court of Appeals and suing us in another competent court if we do not recuse.  Our oath requires we hear all cases properly before us for which we do not have a conflict.  We have no conflict in resolving Mr. Talbert's motions in cases.  He knows this and has thanked us for our efforts.  He has apologized for his past actions.  He has looked upon us as a "mentor."[12]  He is, of course, free to pursue any remedy he wishes but will not direct the Court's administration and procedures contrary to my oath.

---

[1] *See* No. 18-5112, ECF Doc. Nos. 49, 257; No. 18-2518, ECF Doc. No. 19; No. 18-2270, ECF Doc. No. 21; No. 18-1620, ECF Doc. No. 26; No. 18-1501, ECF Doc. No. 24.

[2] *See* ECF Doc. Nos. 56, 255.  "I, *Pro se* Plaintiff, Charles Talbert, hereby seeks this Honorable Courts forgiveness, upon his (my) childish, and unnecessary, threat to file a lawsuit against Honorable Judge Mark A. Kearney.  I truly and sincerely regret my repugnant and inappropriate behavior.  This prison life has caused me a lot of mental anguish, and aggravated my preexisting, diagnosed, impulsive side of half of my personality.  I don't want to make excuses for my own actions since I am responsible for my own actions.  However, at times I do feel like my legal arguments are overlooked due to my *pro se* status.  My dream is to be a lawyer in this district court.  And I do believe, honestly, that Honorable Mark A. Kearney has not just been a fair and impartial District Judge over my various civil matters, but he has also been a wonderful mentor, and powerful influence upon my mission to reach my dream.  I believe this motion of apology was warranted, not just to diffuse any bad feelings that may have been caused by my childish-like temper on July 13, but to speak the truth as to how I truly feel about Honorable Mark A. Kearney.  I apologize!" ECF Doc. No. 255.

[3] 28 U.S.C. § 455(b)(1).

[4] *Liteky v. United States*, 510 U.S. 540, 550 (1994).

[5] *Id.* at 553.

[6] *Id.* at 554.

[7] *Id.*

[8] *Id.* at 555–56.

[9] *Id.*

[10] *Robinson v. Horizon Blue Cross Blue Shield of N.J.*, 674 F. App'x 174, 179 (3d. Cir. 2017); *see also United States v. Wecht*, 484 F.3d 194, 213–21 (3d. Cir. 2007) (denying a writ of mandamus ordering the judge's disqualification when evidence of bias based on remarks, practices, and rulings).

[11] *Rashid v. Ortiz*, No. 15-274, 2016 WL 7626712, at *3 (E.D. Pa. June 20, 2016).

[12] ECF Doc. No. 255.