**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES TALBERT** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  18-5112** |
| | : | |
| **CORRECTIONAL DENTAL** | : | |
| **ASSOCIATES,** *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                    **October 29, 2020**

After voluntarily dismissing his claims against prison officials, medical professionals, and negligence claims, incarcerated *pro se* Plaintiff Charles Talbert is pursuing discovery to support his remaining claim of deliberate indifference under the Eighth Amendment against Dr. Schneider arising from her care of his dentistry needs while incarcerated within the Philadelphia Department of Prisons.  Fearing he cannot adduce expert testimony while incarcerated, Mr. Talbert now moves for us to instruct the jury on the standard of medical care under the doctrine of *res ipsa loquitor*. This doctrine does not apply to his remaining civil rights claim.  We deny his petition seeking the inference.  We also remind him he may not need expert testimony depending on evidence adduced in the ongoing discovery.

## I.      Background

Mr. Talbert alleges he suffered from "several complications with his oral condition such as (a) broken teeth that needed repair; (b) cavities that needed fillings; (c) decayed teeth that required anesthetic oral extractions; and (d) excruciating pain in various areas from an implanted infection."[1]  He submitted various sick call request forms regarding these oral complications and made several "unproductive" trips to Dr. Schneider's clinic.[2]  Dr. Schneider faced complications treating Mr. Talbert's oral conditions because of Mr. Talbert's phobia of needles. Mr. Talbert

claims Dr. Schneider did not consider his phobia of needles in the treatment plan, which ultimately resulted in Mr. Tarbert's oral complications going untreated.

In February 2020, Dr. Schneider moved to dismiss Mr. Talbert's complaint for a failure to state a claim.[3]   We granted Dr. Schneider's partial motion to dismiss Mr. Talbert's breach of contract claims but denied Dr. Schneider's partial motion to dismiss Mr. Talbert's deliberate indifference claims.[4]   We noted Mr. Talbert admits he is not claiming negligence or medical malpractice and understood Mr. Talbert to claim Dr. Schneider's deliberate indifference to Mr. Talbert's serious medical need.[5]   We concluded Mr. Talbert adequately stated a claim where he alleged his cavities and broken, infected, and decayed teeth constituted a serious medical need.[6] We found Dr. Schneider's failure to confront Mr. Talbert's phobia of needles when formulating his treatment plan "may show the prison dentists acted without exercising professional judgment."[7] We denied Dr. Schneider's dismissal of Mr. Talbert's deliberate indifference claim.

Mr. Talbert asserts "Dr. Schneider's acts and omissions, caused Plaintiff an injury upon his teeth, by delaying and depriving him access to an oral surgeon to treat his conditions with general anesthesia."[8]

## II.   Analysis

Mr. Talbert seeks the inference to avoid calling expert testimony on the standard of care. The *res ipsa loquitor* doctrine does not apply to his remaining deliberative indifference claim. The doctrine of *res ipsa loquitur*, Latin for "the thing speaks for itself," is "merely a rule of evidence."[9] Under this rule of evidence, a plaintiff may be permitted to advance a claim of negligence despite "insufficient," or a lack of, evidence to establish the elements of negligence.[10] "Instead of directly proving these elements, the plaintiff 'proceeds by providing facts and circumstances surrounding the injury that make an inference of the defendant's negligence reasonable."[11] In other words, *res*

*ipsa loquitur* allows a plaintiff to prove a claim of negligence by circumstantial evidence. A plaintiff may establish the doctrine of *res ipsa loquitur* after showing three elements:

> (1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when
>
>> (a) the event is of a kind which ordinarily does not occur in the absence of negligence;
>>
>> (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and
>>
>> (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.
>
> (2) It is the function of the court to determine whether the inference may reasonably be drawn by the jury, or whether it must necessarily be drawn.
>
> (3) It is the function of the jury to determine whether the inference is to be drawn in any case where different conclusions may reasonably be reached.[12]

**A.      The *res ipsa loquitor* doctrine does not apply to deliberate indifference claims.**

An inference under *res ipsa loquitor* serves as a narrow exception to needing expert opinion testimony in negligence and medical malpractice claims.[13]   We noted in our February 2020 Memorandum "[a]s these claims similarly amount to claims of professional negligence and medical malpractice, we analyze Mr. Talbert's claims against . . . Dr. Schneider under . . . deliberate indifference standards because Mr. Talbert judicially admitted he does not assert negligence or medical malpractice."[14]

As Mr. Talbert voluntarily dismissed his medical negligence claims, we must analyze the requirement of expert medical opinion under the standard for deliberate indifference, not medical malpractice. As Judge Noreika recently reminded us, when the standard of care is not negligence, "*res ipsa loquitur* does not apply."[15] In *Edwards*, an incarcerated man contracting a MRSA infection brought a civil rights deliberate indifference claim the conditions of his cell caused the infection.[16] Judge DuBois found he could not infer "absent expert testimony, that the conditions

3

of Edwards's cell caused his MRSA infection."[17] Judge Dubois continued "Plaintiff argues that the doctrine of *res ipsa loquitur* supports an inference of causation. The Court rejects this argument because "[*r*]*es ipsa loquitur* has no application in a civil rights case."[18]

We will not instruct the jury on the requested inference in this civil rights case.

**B.      Mr. Talbert may not need expert testimony depending on other proofs.**

Mr. Talbert may be able to establish deliberate indifference without expert testimony.

A prison official violates the Eighth Amendment when the official acts "deliberately indifferent to a prisoner's serious medical needs by 'intentionally denying or delaying access to medical care or interfering with the treatment once prescribed.'"[19]  A plaintiff must demonstrate "a subjective showing that "the defendants were deliberately indifferent to [his or her] medical needs and (2) an objective showing that those needs were serious."[20]

"Deliberate indifference can be established in different ways depending on the claim a plaintiff alleges."[21]  If a plaintiff seeks to establish deliberate indifference through an adequacy of care claim, we apply a two-prong test. First, plaintiff must make "an objective showing of inadequate medical treatment."[22]  This objective showing may require expert medical testimony. Our Court of Appeals directs "'medical expert testimony may be necessary to establish deliberate indifference in an adequacy of care claim where, as laymen, the jury would not be in a position to determine that the particular treatment or diagnosis fell below a professional standard of care.' However, expert testimony 'is not necessarily required' where other forms of extrinsic proof may suffice.' Extrinsic proof of the quality of medical care may include a 'training manual, photograph, or medical records.'"[23]  In *Burgos*, Judge Rufe found no requirement for plaintiff to present expert medical testimony in support of his adequacy of care claim where "plaintiff presented extrinsic evidence establishing that defendant's treatment . . . was

4

deficient."[24]   The extrinsic evidence included a CDC report demonstrating necessary medical standards.[25]

A deliberate indifference claim may also be established by a delay or denial of medical treatment claim, which "must be approached differently than an adequacy of care claim."[26]   A delay or denial of medical treatment claim involves only one subjective inquiry.[27]   "All that is needed is for the surrounding circumstances to be sufficient to permit a reasonable jury to find that the denial or delay was motivated by non-medical factors."[28]   "But the court is not bound by [a plaintiff's] characterization of his claims."[29]   In *McFadden v. Dalmasi*, plaintiff characterized the Federal Detention Center's failure to treat his broken nose as a delay or denial claim, but Judge Sanchez determined his claim to be an adequacy of care claim.[30]

Mr. Talbert alleges Dr. Schneider delayed and deprived him access to an oral surgeon to treat his dental conditions. Mr. Talbert cites *Pearson v. Prison Health Service* to argue "the Third Circuit, and this court, has already inferred this as inadequate dental care and falling below the standard of care prevailing in the community."[31]   While the court in *Pearson* does not explicitly establish community standards for dental care, our Court of Appeals found (on a summary judgment standard) expert medical testimony is not necessary to allege deliberate indifference in a delay or denial of medical treatment claim. Our Court of Appeals did not require an incarcerated person suffering from appendicitis and denied access to a physician overnight, to present expert testimony in showing deliberate indifference where one defendant "(1) refused to examine [plaintiff] in his cell when the block officer first called medical, (2) forced [plaintiff] to crawl to the wheelchair to obtain medical treatment, and (3) did nothing but order [plaintiff] placed in the infirmary overnight despite recognizing signs of appendicitis.[32]

In *Bell v. Lindsay*, Judge Rufe denied summary judgment to the prison officials and medical professionals finding medical expert testimony is not required where "[p]laintiff has

produced evidence that he did not receive prompt treatment after the alleged fall from the top bunk" and reinjured his back. Plaintiff made several requests for medical treatment by a physician but the prison official denied the requests.[33]   In *Savage v. Wexford Health Sources, Inc.*, plaintiff suffered from sleep apnea and alleged the prison denied him access to a CPAP machine to treat his condition. Plaintiff did not receive access to a CPAP machine for nearly one year. Judge Bartle found no need for expert testimony for plaintiff to move forward with a delay in medical care claim. Judge Bartle reasoned delay and denial may be proven through circumstantial evidence, and plaintiff's production of medical records allowed his claim to continue forward.[34]

Mr. Talbert alleges Dr. Schneider delayed and deprived him of access to an oral surgeon to treat his dental condition. We find this is a delay or denial of medical treatment claim. Because Mr. Talbert alleges a delay or denial claim, his claim involves only the subjective inquiry.

Mr. Talbert's argument is like the argument presented in *Bell*, where plaintiff claimed a denial of medical treatment when he reinjured a medical condition and the prison refused to provide him with medical treatment from a physician. Like *Bell* alleging a denial of access to a physician, Mr. Talbert alleges he was denied access to an oral surgeon to treat his oral condition. Mr. Talbert's oral condition required treatment from a surgeon due to his phobia of needles. Mr. Talbert's claim is also like plaintiff's claim in *Savage*. For nearly one year, prison staff denied plaintiff access to a CPAP machine to treat his sleep apnea. Like plaintiff in *Savage*, Dr. Schneider allegedly denied Mr. Talbert access to oral medical treatment for nearly one year. Like *Bell* and *Savage,* Mr. Talbert is not required to provide expert medical testimony to support his claim of delayed or denied treatment of his oral condition. Mr. Talbert may support his claim through circumstantial evidence such as his prison medical records to demonstrate Dr. Schneider's denying treatment to Mr. Talbert's oral condition "was motivated by non-medical factors."

**III.     Conclusion**

The doctrine of *res ipsa loquitur* does not apply and we decline to instruct the jury as to an inference under this inapplicable doctrine. Mr. Talbert's claim of deliberate indifference due to a delay or denial of medical treatment does not require expert medical testimony because Mr. Talbert may use extrinsic evidence to support his claim.

---

[1] ECF Doc. No. 73.

[2] *Id.*

[3] ECF Doc. No 166.

[4] ECF Doc. No. 170 at 25.

[5] *Id.* at 21.

[6] *Id.* at 25.

[7] *Id.*

[8] *Id.* at 2.

[9] Restatement (Second) of Torts § 328D (1965).

[10] *McBride v. Am. Substance Abuse Professionals, Inc.*, 917 F. Supp. 2d 419, 426 (E.D. Pa. 2013).

[11] *Id.*

[12] *Quinby v. Plumsteadville Family Practice, Inc.*, 589 Pa. 183, 200 (2006) (quoting Restatement (Second) of Torts § 328D).

[13] *Toogood v. Owen J. Rogal, D.D.S., P.C.*, 573 Pa. 245, 255 (2003).

[14] ECF Doc. No. 170 at 20.

[15] *Boone v. Connections Cmty. Support Programs*, No. 18-1746, 2020 WL 4501918, at *2 (D. Del. Aug. 5, 2020).

[16] *Edwards v. Northampton Cty.*, No. 12-5323, 2016 WL 7654661 (E.D. Pa. Apr. 29, 2016), *aff'd,* 663 F. App'x 132 (3d Cir. 2016).

[17] *Edwards,* 2016 WL 7654661, at *5.

[18] *Id.* (citing *Gonzalez v. City of Fresno*, No. 106-1751, 2009 WL 2208300 at *8 (E.D. Cal. July 23, 2009); see also *Clark-Murphy v. Foreback*, 439 F.3d 280, 286 (6th Cir. 2006) ("[T]he standard of care in this area is not negligence, which is why res ipsa loquitur does not apply[.]" (internal citation omitted)); *Wellman v. Faulkner*, 715 F.2d 269, 276 (7th Cir. 1983)).

[19] *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976)).

[20] *Pearson*, 850 F.3d at 534.

[21] *McFadden v. Dalmasi*, No. 17-5787, 2019 WL 6218220, at *7 (E.D. Pa. Nov. 21, 2019) (citing *Pearson*, 850 F.3d at 538).

[22] *McFadden*, 2019 WL 6218220, at *7.

[23] *Burgos v. City of Philadelphia*, 439 F. Supp. 3d 470, 490 (E.D. Pa. 2020) (citing *Pearson*, 850 F.3d at 536)).

[24] *Id*. at 490.

[25] *Id*.

[26] *Pearson*, 850 F.3d at 537.

[27] *Id*.

[28] *McFadden*, 2019 WL 6218220, at *7.

[29] *Id*. at *8.

[30] *Id*.

[31] ECF Doc. No. 314 at 2.

[32] *Pearson*, 850 F.3d at 540.

[33] *Bell v. Lindsay*, 264 F. Supp. 3d 684, 689 (E.D. Pa. 2017).

[34] *Savage v. Wexford Health Sources, Inc.*, No. 16-2923, 2017 WL 5593353, at *5 (E.D. Pa. Nov. 21, 2017).