## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES TALBERT** | **: CIVIL ACTION** |
| | : |
| **v.** | : **NO. 18-5112** |
| | : |
| **CORRECTIONAL DENTAL** | : |
| **ASSOCIATES, *et al.*** | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                   **November 5, 2020**

Incarcerated plaintiff Charles Talbert *pro se* alleges prison dentist Dr. Sherri Schneider violated the Equal Protection Clause and his First Amendment right to be free from retaliation for protected speech through her inadequate treatment of his oral health in prison.[1] Mr. Talbert claims injury to his teeth, difficulty eating and chewing food, and potential future medical expenses. Mr. Talbert now moves for summary judgment in his favor arguing Dr. Schneider knew the local anesthesia she used on him during treatment would be "futile, and ineffective, due to Plaintiff's documented phobia of needles in his mouth while awake."[2] He claims Dr. Schneider "maliciously calculated [treatment] to cause excessive and unnecessary delay in his treatment" and "impose unnecessary and wanton inflection of pain" in retaliation for filing grievances against her, her coworkers, supervisor, and employer.[3] Mr. Talbert argues Dr. Schneider provided disparate treatment of pain management and infection control because "other pretrial detainees similarly situated, did not file grievances and lawsuits against her."[4] He makes no other mention of his Equal Protection Clause argument and offers no comparison to similarly situated incarcerated persons treated by Dr. Schneider. He fails to offer evidence and he relies upon his conclusory statements. We deny Mr. Talbert's motion as he adduces no evidence warranting judgment in his favor as a matter of law.

## I. Analysis

We may display liberally interpret *pro se* civil rights claims to ensure we address the merits.[5] Our liberal construction applies to a *pro se* incarcerated person.[6] We read "the *pro se* party's papers liberally and interpret them to raise the strongest arguments suggested therein."[7] But the same standards for summary judgment apply to *pro se* litigants.[8] A *pro se* incarcerated person is not permitted to disregard the Federal Rules of Civil Procedure, and is not relieved of his obligation to cite competent evidence.[9] The right of self-representation is not a license to abuse the dignity of the courtroom; neither is it a license not to comply with relevant rules of procedural and substantive law.[10]

Mr. Talbert fails to adduce evidence allowing us to enter judgment in his favor as a matter of law. Absent evidence, consent, or default, we cannot enter judgment. In *Stringer v. The Pittsburgh Police*, a *pro se* plaintiff argued Judge Lancaster improperly held his summary judgment response to the same standard as a response by a trained litigant.[11] Our Court of Appeals held plaintiff did not present evidence sufficient to create fact issue on whether the police officer lacked probable cause to arrest for displaying of counterfeit license. The *pro se* plaintiff took no discovery and did not submit an affidavit swearing to the events, "as even *pro se* prisoners are expected to do."[12] Judge Lancaster carefully reviewed the entire record for evidence in deference to plaintiff's *pro se* status and found no evidence calling the officer's account into question. Absent evidence, Judge Lancaster entered summary judgment for the officer and our Court of Appeals affirmed.

Even giving deference to Mr. Talbert's status as a *pro se* litigant, he fails to provide affidavits or evidentiary support to his claims. We have no basis or sufficient admissible evidence to demonstrate his prima facie case.[13] He concludes Dr. Schneider had knowledge of the

2

ineffectiveness of treatment and "maliciously calculated" his regimen for the purpose of retaliation against him for filing grievances against her, her coworkers, supervisor, and employer. Mr. Talbert makes these conclusions without evidentiary facts other than his say-so. He could have deposed her or required interrogatory answers to obtain this evidence. We have no basis to find he did so.

Mr. Talbert's failure to adduce evidence is most strikingly a problem in reviewing Dr. Schneider's state of mind for his deliberate indifference claim. Mr. Talbert claims Dr. Schneider's deliberate indifference to his serious medical needs caused his injuries, which requires a showing of her mental state. Even assuming he shows a serious medical need and possible benefits of alternative treatments, our Court of Appeals directs "when the mental state of the nonmoving party is an essential element of a claim, resolution of that claim by summary judgment is often inappropriate because a party's mental state is inherently a question of fact which turns on credibility."[14] In *DeJesus v. Delaware through Delaware Department of Corrections*, our Court of Appeals last week directed a plaintiff alleging "defendants were deliberately indifferent to his serious medical need must show that (1) he had a serious medical need, (2) defendants were deliberately indifferent to that need, and (3) the deliberate indifference caused harm or physical injury to the plaintiff."[15] Deliberate indifference can be shown "where a defendant knew the plaintiff had a need for medical care but refused to provide that care" and the incarcerated person must show prison officials were aware of and "recklessly disregard[ed] a substantial risk of serious harm."[16] Mr. Talbert offers no evidence, admissions, documents, or other basis for us to find Dr. Schneider's mental state. He instead relies entirely upon unsupported conclusions. He cannot rely upon the *res ipsa loquitor* doctrine in his constitutional claim as we instructed him in our October 29, 2020 Opinion.[17] He fails to cite a case granting summary judgment on an incarcerated person's deliberate medical indifference claim. We also cannot find a case:

3

Mr. Talbert also makes no argument warranting judgment on his Equal Protection Clause claim based on Dr. Schneider's alleged arbitrary and intentional discrimination. In *Glenn v. Barua*, an incarcerated person brought an Equal Protection claim based on arbitrary and intentional discrimination against a prison doctor and physician's assistant for their alleged deliberate indifference to his medical needs.[18] Our Court of Appeals instructed the inmate "must state facts showing that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment."[19] Our Court of Appeals affirmed the district court's dismissal because the inmate failed to identify similarly situated individuals treated differently.[20] Mr. Talbert fails to even mention his Equal Protection Clause argument, much less adduce the evidence required to prove this claim.

## II.    Conclusion

Mr. Talbert has not adduced evidence warranting judgment in his favor on his claims. He offers no mental state of Dr. Schneider other than his conclusion. He fails to mention his Equal Protection argument or adduce evidence which could allow us to enter judgment on an Equal Protection claim. We deny Mr. Talbert's Motion for summary judgment.

---

[1] ECF Doc. Nos.73, 171.

[2] ECF Doc. No. 329 at 2.

[3] *Id.*

[4] *Id.*

[5] Edward J. Brunet, John Parry, Martin Redish, Summary Judgment: Federal Law and Practice § 9:10 (2019) ("*See, e.g.*, *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) ("because [plaintiff] appeared *pro se* in the district court, we read his papers liberally, interpreting them 'to raise the strongest arguments that they suggest' "); *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988) (courts should afford special solicitude to *pro se* litigants responding to a motion

for summary judgment); *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (reversing summary judgment in civil rights case where inmate plaintiff appearing pro se not advised of his right to file counter-affidavits and not warned that failure to respond could result in summary judgment")).

[6] *Id.*

[7] *Hodson v. Alpine Manor, Inc.*, 512 F.Supp. 2d 373, 384 (W.D. Pa. 2007).

[8] *Watson v. Philadelphia Hous. Auth.*, 629 F. Supp. 2d 481, 485 (E.D. Pa. 2009) (citing *U.S. v. Asken*, No. 01-0026, 2002 WL 32175416, at *1 n. 11 (E.D. Pa. Oct. 28, 2002).

[9] *Armstrong v. Waiters*, No. 96-5925, 1997 WL 11299, n. 4 (E.D. Pa. Jan. 13, 1997), *aff'd,* 118 F.3d 1574 (3d Cir. 1997) (citing *LaBounty v. Adler*, 933 F.2d 121, 122 (2d Cir. 1991)); *Ray v. Fed. Ins. Co.*, No. 05-2507, 2007 WL 1377645, at *3 (E.D. Pa. May 10, 2007), *aff'd sub nom. Ray v. Fed. Ins. Co./Chubb*, 256 F. App'x 566 (3d Cir. 2007).

[10] *Farretta v. California*, 422 U.S. 806 n. 46 (1975).

[11] *Stringer v. The Pittsburgh Police*, 408 F. App'x 578, 580 (3d Cir. 2011).

[12] *Id.* (citing *Giles v. Kearney*, 571 F.3d 318, 326 (3d Cir. 2009).

[13] *Aetna Cas. & Sur. Co. v. Fowler*, No. 96-2920, 1997 WL 56914, at *2 (E.D. Pa. Feb. 11, 1997).

[14] *United States v. Dollar Bank Money Market Account*, 980 F.2d 233, 240 (3d Cir. 1992).

[15] *DeJesus v. Delaware through Delaware Dep't of Corr.*, No. 19-3817, 2020 WL 6328201, at *3 (3d Cir. Oct. 29, 2020).

[16] *Id.* at n. 5, 7.

[17] ECF Doc. Nos. 323, 324.

[18] *Glenn v. Barua*, 252 F. App'x 493 (3d Cir. 2007).

[19] *Id.* at 500 (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006)).

[20] *Id.*